# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| XTO ENERGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-138-JHP |
| | ) |
| RAY WHITMIRE and LAINIE WHITMIRE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff XTO Energy, Inc. ("XTO"), sued the Defendants Ray Whitmire and Lainie Whitmire ("the Whitmires") seeking a declaratory judgment and injunctive relief with regard to the use of the Whitmires' surface estate for the purposes of constructing, installing, using, and maintaining an electric power line. Simultaneous to filing this case, XTO moved for a temporary restraining order and injunctive relief, to allow them to proceed with constructing a power line over a portion of the Whitmires' property, and to prevent objections from the Whitmires. The Court referred the Plaintiffs' motion to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), and a hearing was held on April 28, 2016. Rather than filing a response to the Plaintiff's motion, the Whitmires filed a motion requesting that the Court deny the Plaintiff's Motion for temporary restraining order, which the Court likewise referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below,

the undersigned recommends that the Plaintiff XTO Energy, Inc.'s Application for Temporary Restraining Order and Injunctive Relief and Brief in Support [Docket No. 4] be in all things DENIED, and that the Defendant's Motion to Deny Plaintiff's Request for Temporary Restraining Order and Brief in Support [Docket No. 17] be GRANTED.

On January 31, 2013, the Whitmires purchased all but fifteen acres of the surface property of E/2 and E/2 W/2 of Section 36, Township 7 South, Range 1 East, Love County, Oklahoma, as part of a larger purchase of property in Love County, Oklahoma. Prior to that time, on June 1, 2012, XTO had acquired an oil and gas leasehold interest underlying that same parcel, through an assignment of an oil and gas lease. Plaintiff's Hr'g Ex. 1, p. 3. The lease provides, in part, that the lessee has:

> exclusively all the rights for the purpose of carrying on geological, seismic, geophysical and other exploration work and the drilling, operating for, producing and saving of all the oil, gas and other hydrocarbons and all rights incident thereto, including, but not limited to, the right of ingress and egress and the right to construct, operate and maintain pipelines, seismic access roads/easements, structures and facilities[.]

Plaintiff's Hr'g. Ex. 1, p. 1.

On July 6, 2015, XTO filed an action in state court in Love County against the Whitmires, CV-2015-28, seeking to appoint appraisers to assess the amount of surface damages Defendants will incur in the future and have already incurred as a result of their drilling and production operations on the Whitmires' property. Court records[1] reflect that appraisers have been appointed but have not provided an appraisal at the time of this

---

[1] The undersigned Magistrate Judge may take judicial notice of public records. *See White v. City of Tulsa, Okla.*, 2013 WL 4784243, at *1 n.2 (N.D. Okla. Sept. 5, 2013) ("State court docket sheets are public documents of which the Court may take judicial notice."), *citing United States v. Mendoza*, 698 F.3d 1303, 1307 (10th Cir. 2012).

Report and Recommendation. *See XTO Energy, Inc. v. Whitmire*, Love County, Oklahoma, CV-2015-28. At some time in 2015, XTO began to construct what would ultimately become a single horizontal drilling unit, and the issue of the electrical lines eventually arose. XTO then filed the present declaratory judgment action in this Court on April 13, 2016, simultaneously moving for the temporary restraining order and injunctive relief. XTO asserts in the pending motion that they anticipated production of the well on or before April 15, 2016. They assert that the prudent operation and production of the wells requires the installation of these electrical lines and that they have the right to do so pursuant to the Lease agreement. They now seek both a temporary restraining order and injunctive relief[2] in the form of an order enjoining the Whitmires from interfering with their ability to install, maintain, and use an electric line to the unit on the Whitmires' property. The Court referred these motions to the undersigned Magistrate Judge, and a hearing was held on April 28, 2016.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "[T]he moving party

---

[2] Because Plaintiff is not asking for temporary relief and there has been a hearing with notice to Defendants on the matter, the undersigned Magistrate Judge construes the request for a TRO and injunctive relief as a motion for a preliminary injunction. *See Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001) ("The essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality. A TRO preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for preliminary injunction.") (quotation omitted). *See also Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) ("Ex party temporary restraining orders are not doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.").

must establish that (1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits." *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992) (quotation omitted). *See also Draper v Whetsel*, 2013 WL 3462840, at *3 (W.D. Okla. July 9, 2013) ("A party seeking a temporary restraining order must show that there is a substantial likelihood he will eventually prevail on the merits of his claim, that he will suffer irreparable injury unless the restraining order issues, that the threatened injury to him outweighs whatever damage the proposed restraining order may cause the defendant and that the temporary restraining order, if issue, would not be adverse to the public interest."). "[A] plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Village of Logan v. U.S. Dept. of Interior*, 577 Fed. Appx. 760, 766 (10th Cir. 2014), *citing Winter*, 555 U.S. at 23-24. *Accord Sierra Club, Inc. v. Bostick*, 539 Fed. Appx. 885, 888-889 (10th Cir. 2013) (unpublished) ("A party seeking a preliminary injunction must prove that *all four* of the equitable factors weight in its favor.") (emphasis in original), *citing Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

Moreover, injunctions that alter the status quo or are otherwise mandatory in nature are specifically disfavored and should be "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in

the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004) (en banc). Status quo has been defined as "the last peaceable uncontested status existing between the parties before the dispute developed." *Schrier v. University of Colorado*, 427 F.3d 1253, 1260 (10th Cir. 2005) (quotation omitted). The injunction sought here by the Plaintiff *would require* an altering of the status quo, *i. e.*, the relinquishment of surface property interest to XTO's installation of electric power lines over 600 feet of the property. Plaintiff's own witness admitted at the hearing that the status quo would be no power lines in the relevant portion of the property. The "last peaceable uncontested status" on the Whitmire property thus necessarily implicates the absence of power lines.

Furthermore, the undersigned Magistrate Judge notes that heightened scrutiny is appropriate where a granting of the preliminary injunction would essentially grant all the relief sought. This has been clarified to mean that "'the effect of the order, once complied with, cannot be undone.'" *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1247 (10th Cir. 2001), *quoting Tom Doherty Assoc., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). Certainly that is the case here, where the alteration of property in subservience to the installation of electric power lines could not be undone. Heightened scrutiny is therefore appropriate here. "In such instances, the district court may not grant a preliminary injunction unless the plaintiff 'make[s] a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.'" *Beltronics*, 562 F.3d at 1071, *quoting O Centro*, 389 F.3d at 976. Particularly in light of the heightened scrutiny standard and the reasons as set forth

below, the undersigned Magistrate Judge finds that the Plaintiff's motion for temporary restraining order and injunctive relief should be denied, and that the Defendant's Motion should be granted, for the reasons set forth below.

The undersigned Magistrate Judge first addresses the issue of irreparable harm. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) ("[C]ourts have consistently noted that because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."). "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. "To constitute irreparable harm, an injury must be certain, great, actual, and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation omitted). *See also Dominion*, 356 F.3d at 1261 ("[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."). In other words, "[i]rreparable harm is not harm that is merely serious or substantial." *Heideman*, 348 F.3d at 1189 (quotation omitted). The Tenth Circuit has "previously held that a plaintiff satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009), *quoting Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). *See also* 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL

PRACTICE & PROCEDURE § 2948.1 (3d ed. 1998 & 2016 Supp.) ("[A] preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief.").

In this case, XTO originally alleged in its motion that the risk of harm is both financial and that it might prevent them from recovering all gas reserves if the cost became too prohibitive. At the hearing, Jamie Sorrels, Senior Land Surface Coordinator for XTO, testified about XTO's oil and gas lease on the Whitmires' property, and explained the proposal for the electric line.[3] Upon cross examination, he testified that the status quo would mean no power line over that portion of the property, and further admitted that the harm to XTO was purely financial. In contrast, the use of a portion of the Whitmires' surface estate is at issue. In fact, the Tenth Circuit has particularly noted that interests involving real property may represent irreparable harm, *see RoDa*, 552 F.3d at 1210, although it declined to implement a categorical rule. As such, *in this case*, the risk of irreparable harm is not borne by XTO, but rather is credited to the Whitmires.

Because the undersigned Magistrate Judge finds that XTO has not shown a risk of irreparable harm, it is not necessary to address the remaining prongs of the preliminary injunction analysis. *See Village of Logan*, 577 Fed. Appx. at 766 ("[A] plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for

---

[3] XTO has alluded to other additional harms including pollution from using an alternative power source, such as a generator, that may also arise. However, testimony at the hearing revealed that approximately half of the operating wells in this area are using this type of power already. This type of harm is thus already in effect in the environment and the additional harm is speculative at best. *See Schrier*, 427 F.3d at 1267 ("[B]ecause the types of injuries alleged by Dr. Schrier occurred in the past or were speculative, and could be remedied through money damages should he ultimately prevail on his claims, a preliminary injunction was unwarranted.").

injunctive relief unwarranted."), *citing Winter*, 555 U.S. at 23-24. *Accord Sierra Club*, 539 Fed. Appx. at 891 ("A party seeking a preliminary injunction must prove that *all four* of the equitable factors weigh in its favor[.]") (emphasis in original). *See also Schrier*, 427 F.3d at 1262 & n. 2 ("Because the court determined Dr. Schrier failed to establish irreparable injury or substantial likelihood of success on the merits, it deemed it unnecessary to address the preliminary injunction test's remaining prongs."), *citing Dominion*, 356 F.3d at 1266 n.8.

Because the Plaintiffs have failed to show any likelihood of irreparable harm, this is not the situation where "the exigences of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro*, 389 F.3d at 975. Accordingly, a preliminary injunction is inappropriate relief on the facts of this case. *See, e. g., Schrier*, 427 F.3d at 1262 & n. 2 ("Because the court determined Dr. Schrier failed to establish irreparable injury or substantial likelihood of success on the merits, it deemed it unnecessary to address the preliminary injunction test's remaining prongs."), *citing Dominion*, 356 F.3d at 1266 n. 8. The undersigned Magistrate Judge therefore PROPOSES the findings set forth above and accordingly RECOMMENDS that the Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction [Docket No. 4] be DENIED, and that the Defendant's Motion to Deny Plaintiff's Request for Temporary Restraining Order and Brief in Support [Docket No. 17] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 23rd day of May, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma